UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CAREY DWAYNE DORSEY** : CIVIL ACTION NO. 17-cv-1309

**VERSES** : UNASSIGNED DISTRICT JUDGE

**BOISE CASCADE CO. and**
**PROTEMP STAFFING SOLUTIONS, INC.** : MAGISTRATE JUDGE KAY

### REPORT AND RECOMMENDATION

Before the court is a complaint filed *in forma pauperis* by *pro se* plaintiff Carey Dwayne Dorsey ("Dorsey") against his former employers Boise Cascade Co. ("Boise") and Protemp Staffing Solutions, Inc. ("Protemp"). Doc.1. Dorsey alleges violations of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

By Order issued on October 16, 2017 plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Doc. 4. This statute imposes a screening responsibility on the court to dismiss the complaint without service of process when the court makes a determination that the complaint is frivolous, fails to state a claim, or seeks monetary relief against someone immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir.1998)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief can be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th

Cir.1995)(frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998)(failure to state a claim).

After conducting a preliminary review of the complaint, it is **RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE**.

## I.
### SUMMARY OF THE COMPLAINT

Dorsey alleges that he was employed by "dual employers" Boise and Protemp and was injured on the job in 2011. Doc. 1, p. 2. He received workers' compensation benefits following his accident until September 7, 2015, when the workers' compensation insurer, Louisiana Safety Association of Timbermen Self Insurers Fund, filed for bankruptcy. Doc. 1, att. 1, p. 13, Doc. 1, att. 2, p 11. He retained an attorney and filed suit in 2016 to reinstate his benefits. Doc. 1, att. 2, pp. 10-13. Documents attached to his complaint indicate that he settled his lawsuit and an order of dismissal was signed by the workers' compensation judge in January 2016. Doc. 1, att. 2, p. 38.

He alleges that from September 7, 2015, until December 27, 2016, he did not receive any workers' compensation benefits and he requests damages for the "loses[sic] and pains" he and his family suffered during those months. Doc. 1, pp. 12, 14. He complains that Boise and Protemp have discriminated against him based on race, disability, and in retaliation for filing a worker's compensation claim. *Id*. at pp. 4, 13. He also alleges that defendants have violated the American with Disabilities Act because he is disabled. *Id.* at 10.

## II.
### LAW AND ANALYSIS

Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(l).

An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees … and any agent of such a person." 42 U.S.C. § 2000e(b). In order to be held liable under Title VII, an employer must first meet the statutory definition, and must also have an "employment relationship" with the plaintiff. *Muhammad v. Dallas Cty. Cmty. Supervision & Corr. Dep't,* 479 F.3d 377, 380 (5th Cir.2007).

To determine whether an employment relationship exists courts use a "hybrid economic realities/common law control test." *Deal v. State Farm Cty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 118-9 (5th Cir.1993)(citations omitted). The most important component of this test is "the right to control an employee's conduct." *Id.* at 119. Factors to consider when examining the control component are "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* The economic realities component focuses on "whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.*

The Americans with Disabilities Act ("ADA") provides that no covered employer shall "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim for relief under the ADA, a plaintiff must prove that: 1) he is disabled within the meaning of the ADA; 2) he is qualified to perform the essential functions of his job either with or without reasonable accommodations; and 3) he has suffered from an adverse employment action because of his disability. *Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir.2010)(citing *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir.1999)).

Here, Dorsey's claims must fail under either theory of recovery. According to his complaint he was injured on the job and stopped working for Boise and Protemp in 2011. No employee/employer relationship existed during the time frame that Dorsey alleges he was discriminated against, that is from September 7, 2015 until December 27, 2016. Dorsey cannot prove any set of facts to support his claims under either the Civil Rights Act of 1964 or the Americans with Disabilities Act.

### III.
#### CONCLUSION

For the reasons stated, IT IS RECOMMENDED that the complaint filed by Plaintiff be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 24th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE