# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **CAREY DWAYNE DORSEY** | **CIVIL ACTION NO. 2:17CV1309** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **BOISE CASCADE CO, ET AL.** | **MAGISTRATE JUDGE KAY** |

## RULING

Before the Court is the complaint filed *in forma pauperis* by *pro se* plaintiff Carey Dwayne Dorsey ("Dorsey") against Defendants Boise Cascade Co. ("Boise") and Protemp Staffing Solutions, Inc. ("Protemp"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). [Doc. No. 1]. Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636(b)(1)(C), Magistrate Judge Kathleen Kay conducted a preliminary review of Dorsey's complaint and issued a Report and Recommendation, recommending that the Court dismiss the complaint with prejudice for failure to state a claim for which relief may be granted on the basis that Dorsey and the defendants did not have an employment relationship as required in order to state a claim for relief under either statute. [Doc. No. 5]. Dorsey filed objections to the Report and Recommendation. [Doc. No. 6].

Having conducted a *de novo* review of the record, including Dorsey's objections, the Court finds that Magistrate Judge Kay correctly found that Dorsey and the defendants did not have an employment relationship during the time period of the alleged injury and correctly concluded that Dorsey failed to state a claim of discrimination under Title VII and the ADA. Accordingly, the Court ADOPTS the Report and Recommendation in those respects. The Court issues this Ruling to address several of Dorsey's objections, two of which the Court construes as a motion to recuse the

Magistrate Judge and a motion for summary judgment.[1] Objections to a magistrate judge's report and recommendation on dispositive matters are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Dorsey asserts that the Magistrate Judge overlooked his claim of retaliation against the defendants under Title VII and the ADA. [Doc. No. 6, p. 11]. He alleges the retaliation began on September 9, 2015, when he claims that he stopped receiving disability benefits. *Id.*; [Doc. No. 1, p. 10]. Dorsey, therefore, claims that it was error for the Magistrate Judge to recommend dismissal of his complaint. [Doc. No. 6, pp. 7, 15].

"To establish a prima facie case of retaliation under the ADA or Title VII, a plaintiff must show that (1) [he] participated in an activity protected under the statute; (2) [his] employer took an adverse employment action against [him]; and (3) a causal connection exists between the protected activity and the adverse action." *Feist v. La. Dep't of Justice, Office of Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007) (Title VII); *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999) (ADA)). In the context of the Age Discrimination in Employment Act ("ADEA"), the Fifth Circuit has held that a plaintiff may bring a claim of retaliation against a former employer for actions occurring after the end of the employment relationship "as long as the alleged discrimination is related to or arises out of the employment relationship." *E.E.O.C. v. Cosmair, Inc.*, 821 F.2d 1085, 1088–89 (5th Cir. 1987). At least one other district court within the Fifth Circuit has held that this holding should be extended to Title VII retaliation claims. *See Fields v. Phillips Sch. of Bus. and Tech.*, 870 F. Supp. 149, 153 (W.D. Tex. 1994) (finding support in the Fifth Circuit's reliance on other circuits that held that former employees have standing to sue under the retaliation provision of Title VII). Because the

---

[1] As to Dorsey's first two objections, the Court finds no merit and declines to address them in this Ruling.

finding of the Magistrate Judge was limited to the employment relationship between Dorsey and the defendants, the Court finds that further review of Dorsey's retaliation claim is necessary and will refer the matter back to the Magistrate Judge to conduct a preliminary review as to that claim pursuant to 28 U.S.C. § 1915(e).

In his objections, Dorsey also seeks recusal of Magistrate Judge Kay from this case because she was the Magistrate Judge on his previous case before this Court.[2] [Doc. No. 6, pp. 13, 15 (citing civil case No. 2:13-cv-02830 in the United States District Court for the Western District of Louisiana)]. [Doc. No. 6, p. 13]. The only reason offered by Dorsey in support of recusal is that Magistrate Judge Kay issued orders in his previous case. [Doc. No. 6, p. 13]. Apart from any procedural and substantive requirements that Dorsey might be lacking to properly move for recusal pursuant to 28 U.S.C. §§ 144 and 455, the Fifth Circuit has stated that "bias must stem from an extrajudicial source and result in an opinion on some basis other than what the judge learned in the case." *Crawford v. United States Dep't of Homeland Sec.*, 245 F. App'x 369, 383 (5th Cir. 2007) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992)). Dorsey makes no allegations of bias or prejudice on the part of Magistrate Judge Kay, merely stating that she issued orders in his previous case. [Doc. No. 6, p. 13]. Accordingly, the Court will deny Dorsey's motion to recuse Magistrate Judge Kay.

Finally, Dorsey seeks summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Doc. No. 6, pp. 13, 15]. However, Dorsey provides no argument in support of his motion but merely states that he seeks summary judgment. Considering that Dorsey's complaint has not yet passed initial review and that the defendants in this case have not yet been served with the complaint,

---

[2] In his previous case, Dorsey also brought claims under the ADA and Title VII against both Boise and Protemp. The claims were dismissed on summary judgment, and the judgment was affirmed by the Fifth Circuit. *See* No. 2:13-cv-02830 at Doc Nos. 73 & 80.

the Court will deny this motion without prejudice as premature. *See e.g.*, *Tyson v. Tanner*, No. 08-4445, 2008 WL 4948769, *3 (E.D. La. Nov. 18, 2008) (denying a motion for summary judgment without prejudice under a similar procedural posture).

For the foregoing reasons, the Court will ADOPT the Report and Recommendation of the Magistrate Judge as to her conclusions and findings of fact related to Dorsey's claims under the ADA and Title VII. Accordingly, the Court will DISMISS WITH PREJUDICE Dorsey's claims of discrimination under the ADA and TITLE VII, preserving his claim of retaliation. The Court will direct the Magistrate Judge to conduct a preliminary review as to Dorsey's retaliation claim. The Court will DENY Dorsey's motion to recuse Magistrate Judge Kay and DENY WITHOUT PREJUDICE Dorsey's motion for summary judgment.

Monroe, Louisiana, this 4th day of May, 2018.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE