UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAREY DWAYNE DORSEY** | : | **DOCKET NO. 17-cv-1309** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **BOISE CASCADE CO. and PROTEMP STAFFING SOLUTIONS, INC.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

In accordance with the Memorandum Ruling [doc. 7] issued by the district court, the undersigned hereby conducts a preliminary review of plaintiff's retaliation claim pursuant to 28 U.S.C. §1915(e).[1]

Before the court is a complaint filed *in forma pauperis* by *pro se* plaintiff Carey Dwayne Dorsey ("Dorsey") against his former employers Boise Cascade Co. ("Boise") and Protemp Staffing Solutions, Inc. ("Protemp"). Doc.1. Dorsey alleges violations of the Civil Rights Act of 1964 and the Americans with Disabilities Act. He complains that Boise and Protemp discriminated against him based on race, disability, and in retaliation for filing a workers' compensation claim. *Id*. at pp. 4, 13.

Title 28 U.S.C. §1915 imposes a screening responsibility on the court to dismiss the complaint without service of process when the court makes a determination that the complaint is frivolous, fails to state a claim, or seeks monetary relief against someone immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th

---

[1] A Judgment was signed on May 4, 2018 adopting a Report and Recommendation dismissing plaintiff's claims of discrimination under Title VII and the Americans with Disability Act. Doc. 8. In his objections to the Report and Recommendation plaintiff asserts that the undersigned overlooked his retaliation claim. Doc. 6, pp 11-12. The district court referred the matter to the undersigned to review plaintiff's retaliation claim. Doc. 7.

Cir.1998)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998).  In determining whether a complaint is frivolous or fails to state a claim upon which relief can be granted, the court must accept the plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995)(frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998)(failure to state a claim).

After conducting a preliminary review of plaintiff's retaliation claim, it is **RECOMMENDED** that the retaliation claim be dismissed and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

## I.
### SUMMARY OF THE COMPLAINT

Dorsey alleges that he was employed by "dual employers" Boise and Protemp and was injured on the job in 2011.  Doc. 1, p. 2.  He received workers' compensation benefits following his accident until September 7, 2015, when the workers' compensation insurer, Louisiana Safety Association of Timbermen Self Insurers Fund, filed for bankruptcy.  Doc. 1, att. 1, p. 13, Doc. 1, att. 2, p 11.  He retained an attorney and filed suit in 2016 to reinstate his benefits.  Doc. 1, att. 2, pp. 10-13.  Documents attached to his complaint indicate that he settled his lawsuit and an order of dismissal was signed by the workers' compensation judge in January 2017.  Doc. 1, att. 2, pp. 40-42.

He alleges that from September 7, 2015, until December 27, 2016, he did not receive any workers' compensation benefits and he requests damages for the "loses[sic] and pains" he and his family suffered during those months.  Doc. 1, pp. 12, 14.  He states that on September 9, 2015, his dual employers "started their retaliation against [him]" in violation of Title VII and the Americans with Disabilities Act because of his disability.  *Id.* at p. 10.  Dorsey alleges that his employers

retaliated against him because he filed a "disability civil right[s] charge" against them. *Id.* at p. 13. In his objection to our Report and Recommendation issued on May 4, 2018 he again claims that he was retaliated against for filing a "civil employment discrimination complaint" on October 7, 2013 against his former employers.[2] Doc. 6, pp. 9-10. In his objection Dorsey again claims that the retaliation began on September 9, 2015 when his employers began denying him his workers' compensation benefits. *Id.* at pp. 11-12.

## II.
### LAW AND ANALYSIS

"To establish a prima facie case of retaliation under the ADA or Title VII, a plaintiff must show that (1) [he] participated in an activity protected under the statute; (2) [his] employer took an adverse employment action against [him]; and (3) a causal connection exists between the protected activity and the adverse action." *Feist v. La. Dep't. of Justice, Office of Atty. Gen.*, 730 F.3d 450, 454 (5th Cir.2013)(citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir.2007) (Title VII); *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir.1999) (ADA). Title VII makes it unlawful for an employer to discriminate or retaliate against an employee because the employee has made a charge of discrimination against the employer. 42 U.S.C. § 2000e-3(a). The Fifth Circuit has held that an adverse employment action includes "only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport,* 492 F.3d 551, 559 (5th Cir.2007)(quoting *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir.2002).

Although Dorsey meets the first prong of the test for retaliation, in that he filed a complaint against his former employers, his claim must nevertheless fail because he cannot establish that his

---

[2] See *Dorsey v. Boise Cascade, LLC, et al*, No. 2:13-cv-2830 (W.D.La. Oct. 7, 2013). In this suit Dorsey alleged wrongful discharge and failure to accommodate. *Id.* at Doc. 1. The suit was dismissed on defendants' motions for summary judgment. *Id.* at Docs. 72, 73. The Fifth Circuit affirmed the dismissal on August 3, 2015. *Dorsey v. Boise Cascade Co.*, 611 F.App'x 212 (5th Cir.2015).

employers took any adverse employment action against him or any causal connection between the two. According to Dorsey the retaliation began on September 9, 2015 when his employers began denying him his workers' compensation benefits. The record reflects that the reason he stopped receiving workers' compensation benefits was because the workers' compensation insurer, Louisiana Safety Association of Timbermen Self Insurers Fund, filed for bankruptcy. Doc. 1, att. 1, p. 13, Doc. 1, att. 2, p 11. The record further reflects that in January 2017 Dorsey settled a lawsuit he instituted against Boise and Protemp for workers' compensation benefits. Doc. 1, att. 2, pp. 40-42. Additionally, Dorsey sets forth no facts which would tend to show any causal connection between his filing suit and the cessation of his workers' compensation benefits.

Accepting Dorsey's allegations as true, we conclude that he has failed state to state a claim upon which relief may be granted. It is clear the plaintiff cannot prove any set of facts in support of his retaliation claim that would entitle him to relief.

### III.
#### CONCLUSION

For the reasons stated, it is **RECOMMENDED** that plaintiff's retaliation claim be dismissed and his complaint be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved**

**party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED in Chambers this 9th day of July, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE